NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMAAL SHELLY, | : | |
| Petitioner, | : | Civil Action No. 18-2682 (CCC) |
| v. | : | **MEMORANDUM OPINION** |
| THE ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY, et al. | : | |
| Respondents. | : | |

**CECCHI, District Judge.**

This matter has come before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a state court conviction for unlawful possession of a weapon. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and, for the reasons stated below, the Petition is dismissed.

## I. BACKGROUND

Unless otherwise noted, the following facts are drawn from the state appellate court's opinion on direct appeal, which Petitioner attaches as part of his Petition. *See State v. Shelly*, No. A-1758-15T1, slip op. at 2-4 (N.J. Sup. Ct. App. Div. May 31, 2017) (ECF No. 1-2 at 86-88). On October 12, 2012, Essex County police officers observed a silver Lincoln LS with no license plate driving down a street in Newark and proceeded to effectuate a traffic stop. The Lincoln initially stopped, but when one of the officers was exiting the police car, it sped away. The officers gave chase and the Lincoln stopped again. Several individuals then exited the car and attempted to escape.

During the ensuing chase, one of the officers observed an individual reaching into the front passenger side of the Lincoln. Fearing that the individual was reaching for a gun, the officer drew his service weapon and ordered the individual to show his hands, which prompted the individual to flee. The officer did not pursue the individual, but instead examined the inside of the Lincoln and found two loaded handguns, one of which was in the passenger-side floorboard. The officer also found Petitioner's photo driver's license, which the officer utilized to identify the fleeing individual as Petitioner. The officer also made an in-court identification of Petitioner at trial. In defense, Petitioner argued that he was misidentified by the officer based on the photo driver's license. Nevertheless, the jury convicted Petitioner of second-degree unlawful possession of a weapon.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a claim has been adjudicated on the merits in state court proceedings, a writ for habeas corpus shall not issue unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012).

A state-court decision involves an "unreasonable application" of clearly established federal law if the state court: (1) identifies the correct governing legal rule from the Supreme Court's cases

but unreasonably applies it to the facts of the particular case; or (2) unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Federal courts must follow a highly deferential standard when evaluating state court decisions, giving the benefit of the doubt to the state court. *See Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011); *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir. 2013). A state court decision is based on an unreasonable determination of the facts only if the state court's factual findings are objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Rice v. Collins*, 546 U.S. 333, 339 (2006) (petitioner bears the burden of rebutting presumption by clear and convincing evidence); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001) (factual determinations of state trial and appellate courts are presumed to be correct).

### III. DISCUSSION

Petitioner raises exactly one claim in the Petition, namely that the trial court erred when it failed to provide the jury with a jury instruction tailored to the facts of his case, and failed to instruct the jury on how the officer's identification of Petitioner may have been influenced by the photo driver's license. Petitioner further asserts that the trial court "failed to adhere to the mandates of the New Jersey Supreme Court." (ECF No. 1 at 6.) On direct appeal, the state appellate court held that, while state law requires jury instructions to be tailored to the facts of a case when a statement of law could potentially confuse or mislead the jury, the trial court sufficiently tailored the instructions as required under state law. *Shelly*, slip op. at 8. It also held

that the officer's identification using the photo driver's license was not a "show-up" identification that required additional instruction.[1] *Id.* at 8-9.

The state court's holding was a reasonable application of established federal law based on a reasonable determination of the facts. Although state law may very well require jury instructions to be tailored to the facts of a case under appropriate circumstances, there is no such requirement under federal law. "Supreme Court precedent does not require [jury] instructions to relate the law to the facts." *Boretsky v. Ricci*, No. 09-0771, 2012 WL 664945, at *24 (D.N.J. Feb. 29, 2012) (citing *Montana v. Egelhoff*, 518 U.S. 37 (1996)). "[D]ue process does not require [jury] instructions to explain the elements of [the offense] with reference to the facts of the case." *Ingram v. Hendricks*, No. 03-2850, 2005 WL 2807208, at *3 (D.N.J. Oct. 25, 2005); *see Watford v. Hendricks*, No. 04-1388, 2007 WL 1237839, at *12 (D.N.J. Apr. 27, 2007) (failure to give jury instructions tailored to the facts of the case did not violate federal law); *Richardson v. Ricci*, No. 10-4954, 2013 WL 3863994, at *14 (D.N.J. July 24, 2013) (same). Even if the Court were to find that the trial court erred under state law, this is not a ground for relief. "Federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *see Smith v. Spisak*, 558 U.S. 139, 148 (2010) (no federal habeas relief when the Supreme Court has not previously held that a jury instruction is unconstitutional for the same reason).

Although not explicitly raised in the Petition, the Court notes that the state court's holding regarding the "show-up" instruction was also a reasonable application of established federal law based on a reasonable determination of the facts. As the state court opined, a "show-up" instruction is only applicable if the defendant was identified in a "show-up" procedure. *Shelly*, slip op. at 8.

---

[1] Although neither Petitioner nor the state appellate court fully explained what a "show-up" identification is, the Court presumes that it refers to a photo array identification procedure as articulated by the Supreme Court in *Perry v. New Hampshire*, 565 U.S. 228, 237-38 (2012).

4

The Third Circuit came to the same conclusion in *Burgos-Cintron v. Nyekan*, finding that federal law on photo array identification did not apply because "this case was not one in which the victim was not acquainted with the defendant but was asked to identify the person who committed an offense from a photo array." 510 F. App'x 157, 161 (3d Cir. 2013). Indeed, as the state court noted, there was nothing suggestive about the officer's identification using the photo driver's license—the officer relied on his own observation, without any outside influence, to determine that the photo matched the fleeing individual. *See Shelly*, slip op. at 9. Accordingly, it appears from the face of the Petition and the attached exhibits that Petitioner is not entitled to federal habeas relief, and the Petition is therefore dismissed.

Lastly, the Court denies a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El*, 537 U.S. at 327. Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

Date: June 1, 2018

Claire C. Cecchi, U.S.D.J.

5